GORDON McCLOUD, J. (concurring)
¶ 36 I agree with the dissent insofar as it concludes that the Department of Early Learning (DEL)[1] did not violate Christal Fields' federal right to procedural due process. U.S. CONST . amend. XIV, § 1. But I disagree with the dissent's resolution of Fields' substantive due process claim. I believe that DEL violated Fields' federal right to substantive due process and would reverse the Court of Appeals on this ground. Id. Thus, while I disagree with the lead opinion's reasoning, I concur in its result. Should DEL want to disqualify Fields for other reasons, it must go through additional administrative proceedings and comply with procedural and substantive due process. But DEL may not permanently disqualify Fields based solely *1008 on her 1988 conviction because doing so violates substantive due process.
¶ 37 "Substantive due process protects against arbitrary and capricious government action even when the decision to take action is pursuant to constitutionally adequate procedures." Amunrud v. Bd. of Appeals , 158 Wash.2d 208, 218-19, 143 P.3d 571 (2006) (citing Halverson v. Skagit County , 42 F.3d 1257, 1261 (9th Cir. 1994) ). "[P]ursuit of an occupation or profession is a liberty interest protected by the due process clause." Id. at 219, 143 P.3d 571 (citing Conn v. Gabbert , 526 U.S. 286, 291-92, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999) ; Bd. of Regents of State Colls. v. Roth , 408 U.S. 564, 572, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ). "Because the right to pursue a trade or profession is a protected right but not a fundamental right, we apply a rational basis test." Id. at 222, 143 P.3d 571. Under this test, we determine whether the challenged regulations are rationally related to a legitimate state interest. Id.[2] Although rational basis review is "the most relaxed form of judicial scrutiny," id. at 223, 143 P.3d 571 (citing State v. Shawn P. , 122 Wash.2d 553, 859 P.2d 1220 (1993) ), it is not " ' "toothless," ' " Nielsen v. Dep't of Licensing , 177 Wash. App. 45, 53, 309 P.3d 1221 (2013) (quoting Mathews v. De Castro , 429 U.S. 181, 185, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976) (quoting Mathews v. Lucas , 427 U.S. 495, 510, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976) )).
¶ 38 Fields argues that DEL's regulation violated her federal right to substantive due process, both facially and as applied. To succeed on her facial challenge, Fields must show that "no set of circumstances exists in which the [regulation], as currently written, can be constitutionally applied." City of Redmond v. Moore , 151 Wash.2d 664, 669, 91 P.3d 875 (2004) (citing Wash. State Republican Party v. Pub. Disclosure Comm'n , 141 Wash.2d 245, 282 n.14, 4 P.3d 808 (2000) (citing In re Det. of Turay , 139 Wash.2d 379, 417 n.27, 986 P.2d 790 (1999) )). To succeed on her as-applied challenge, Fields must show that the regulation is unconstitutional as applied to her, even if it could be constitutionally applied in a different circumstance. Id. at 668-69, 91 P.3d 875.
¶ 39 One can certainly imagine a set of circumstances in which DEL may apply the regulation at issue without offending the United States Constitution. DEL has a legitimate interest in "safeguard[ing] and promot[ing] the health, safety, and well-being of children receiving child care and early learning assistance, which is paramount over the right of any person to provide care." Former RCW 43.215.005(4)(c) (2010). DEL can advance this interest by, for example, preventing a person recently convicted of multiple attempted robberies from working at a licensed childcare facility. See dissent at 1014-15 (explaining that second degree robbery is a serious offense against another person). Thus, Fields' facial substantive due process claim must fail. But the challenged regulation, as applied to Fields , is not rationally related to any legitimate state interest.
¶ 40 While DEL undeniably has a legitimate interest in safeguarding and promoting the health, safety, and well-being of children, this legitimate interest is not at all fostered by permanently barring a person who was convicted of attempted second degree robbery over 30 years ago at the age of 22. The lead opinion aptly explains why:
Fields's conviction is based on an offense that was committed 30 years ago, when she was under 25 years old. Her attempted second degree robbery conviction does not permanently disqualify her from licensed childcare work as a matter of federal law and does not even permanently disqualify her from being a licensed foster care provider as a matter of state law. The offense itself did not involve any children in any way, did not involve any deadly weapons, and did not inflict any bodily injury.[3 ] In *1009 light of the circumstances, and keeping in mind that DEL's designated task is to determine whether the individual is of appropriate character, suitability, and competence to provide childcare under former RCW 43.215.215(1), it is difficult to see how the fact of the single conviction at issue here should permanently disqualify Fields as unfit to work in a licensed childcare facility.
Lead opinion at 1006; see also id. at 1004-06.
¶ 41 But the lead opinion does so under its analysis of procedural due process. Id. As the dissent notes, the lead opinion "conflate[s] procedural and substantive due process." Dissent at 1009. "Procedural due process guarantees only that individuals have notice and the opportunity to be heard to contest whether the rule does apply to them, not whether it should." Id. at 1010. Everyone agrees that the regulation at issue bars Fields from working at a licensed childcare facility. Lead opinion at 1003-04; dissent at 1011. The issue here is whether barring Fields because of her conviction from 1988 is rationally related to a legitimate state interest. And that is a question of substantive due process. See dissent at 1011-12.
¶ 42 DEL also "has a legitimate interest in avoiding the administrative burden of holding an individualized inquiry in every case." Id. at 1014; see also lead opinion at 1007. But we do not allow constitutional violations merely because it would be burdensome to prevent them:
"The establishment of prompt efficacious procedures to achieve legitimate state ends is a proper state interest worthy of cognizance in constitutional adjudication. But the Constitution recognizes higher values than speed and efficiency. Indeed, one might fairly say of the Bill of Rights in general, and the Due Process Clause in particular, that they were designed to protect the fragile values of a vulnerable citizenry from the overbearing concern for efficiency and efficacy that may characterize praiseworthy government officials no less, and perhaps more, than mediocre ones."
Olympic Forest Prods., Inc. v. Chaussee Corp. , 82 Wash.2d 418, 433, 511 P.2d 1002 (1973) (quoting Stanley v. Illinois , 405 U.S. 645, 656, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) ). Regardless, in my view, DEL is not required to hold an individualized inquiry in every case. If DEL can write a bright-line regulation that seldom, if ever, violates substantive due process as applied, it can avoid individualized inquiries in most, if not all, cases. In drafting a rule that is less likely to violate a person's substantive due process rights, DEL might consider how old the person was when he or she committed the crime and the amount of time that has elapsed since the crime was committed.
¶ 43 In sum, the challenged regulation, as applied to Fields, is not rationally related to a legitimate state interest. The regulation therefore amounts to arbitrary and capricious government action and violates Fields' federal right to substantive due process. As such, I would reverse the Court of Appeals and hold that DEL may not bar Fields solely because of a conviction for attempted second degree robbery from 1988 when she was 22 years old. I therefore respectfully concur.

The Department of Early Learning is now known as the Department of Children, Youth, and Families. In the interests of clarity, I will refer to the Department as DEL, as it was known at the time of the events in this case.

I agree that we should not address Fields' state constitutional arguments as she did not sufficiently argue or brief them below. See State v. Gunwall , 106 Wash.2d 54, 62, 720 P.2d 808 (1986). I also agree that we should decline to address the equal protection arguments raised by amici in the first instance. See City of Seattle v. Evans , 184 Wash.2d 856, 861 n.5, 366 P.3d 906 (2015).

Because Fields admitted to the disqualifying robbery conviction and DEL elected to move for summary judgment on that ground, it is not clear from the record whether Fields' request for reconsideration has ever been considered on its merits. However, even in that request, Fields did not challenge the fact that she had a conviction for attempted second degree robbery.